J-S56005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
         v.                         :
                                 :
                                 :
ANTHONY  SUTTON               :
                                 :
         Appellant         :   No. 293 EDA 2019

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001025-2015

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED DECEMBER 31, 2019**

     Anthony Sutton appeals from the December 19, 2018 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. On appeal, Sutton asserts ineffective assistance of both trial and direct appeal counsel. Specifically, Sutton contends that trial and/or direct appeal counsel should have objected to the way the trial court adjudicated his guilt. Moreover, Sutton claims trial and direct appeal counsel should have preserved a challenge to the sufficiency of the evidence. As we find neither of Sutton's issues to be meritorious, we affirm.

     The factual background and procedural history of this case, as relevant, are as follows. In 2014, Sutton fired several shots from a firearm, which hit a nearby individual. At trial, the Commonwealth charged Sutton with twenty-nine offenses, twenty-eight of which proceeded to a jury trial and one was held for a bench trial.

The jury found Sutton guilty of carrying a firearm without a license, **see** 18 Pa.C.S.A. § 6106(a)(1), and carrying a firearm on the streets of Philadelphia, **see** 18 Pa.C.S.A. § 6108, but found him not guilty as to all other counts. The sole charged offense that did not go to a jury, possession of a firearm by a prohibited person, **see** 18 Pa.C.S.A. § 6105(a)(1), was adjudicated thereafter by the trial court. The trial court found Sutton guilty of this crime.

After his trials, the trial court sentenced Sutton to three consecutive sentences, amounting to an aggregate term of eleven to twenty-two years of imprisonment. Trial counsel filed a post-sentence motion, but concurrently sought leave to withdraw as counsel. In disposing of these two matters, the trial court granted trial counsel's request to withdraw and denied Sutton's post-sentence motion.

Appellate counsel was then appointed. Sutton filed a timely appeal to this Court, and we granted appellate counsel's motion to withdraw pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967), and affirmed Sutton's judgment of sentence. **See Commonwealth v. Sutton**, 2017 WL 499410 (Pa. Super. 2017). Our Supreme Court denied Sutton's *pro se* petition for allowance of appeal, and several months later, the United States Supreme Court denied Sutton's petition for *certiorari* on January 22, 2018.

On April 20, 2018, Sutton filed a timely PCRA petition, which was dismissed after a full briefing and subsequent hearing. Sutton then filed a

timely appeal to this Court.

On appeal, Sutton presents two issues for our review:

1) Did the PCRA court err in dismissing the PCRA claim that trial counsel was ineffective for failing to object to [Sutton] being convicted of possessing a firearm by a prohibited person (18 Pa.C.S.[A.] § 6105) without a trial or pleas hearing, and was direct appeal counsel ineffective for failing to challenge the constitutionality of the procedure used to convict [Sutton]?

2) Did the PCRA court err in dismissing the PCRA claim that direct appeal counsel was ineffective for failing to raise the claim that the evidence was insufficient to sustain the conviction for possessing a firearm by a prohibited person (18 Pa.C.S.[A.] § 6105) because no evidence was presented that [Sutton] had the type of criminal record that brought him within the class of persons prohibited from possessing a firearm?

Appellant's Brief, at 3.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted).

Sutton contends that "there is no evidence that [he] knowingly, intelligently[,] and voluntarily waived his right to a trial on the charge of violating [18 Pa.C.S.A.] § 6105." Appellant's Brief, at 10. Sutton asserts that "the trial court unilaterally pronounced [him] guilty without affording him a trial or securing a plea of guilt." ***Id***. He argues that trial counsel was ineffective for implicitly consenting to the trial court's actions when the court adjudicated Sutton's guilt without any kind of trial or guilty plea. ***See id***., at 11.

He believes the trial court's pronouncement of guilt was no more than a

guess or an assumption as to what would have happened if he would have been properly convicted and that he was prejudiced by counsel's actions. *See id*., at 16.

In addition to the suggestion that Sutton was found guilty through a flawed process, Sutton continues by stating that even if the trial court properly found Sutton guilty, he believes that the evidence was insufficient to convict him of the possession of a firearm by a prohibited person offense as "there was no evidence to show *when* [Sutton] had been convicted of one of those predicate offenses [set forth in 18 Pa.C.S.A. § 6105(b)] such that the Commonwealth was unable to prove beyond a reasonable doubt that at the time of his arrest … [Sutton] was no longer within the [offense's] 60-day [transfer] grace period." *Id*., at 18 (emphasis in original).

Under a typical claim alleging ineffective assistance of counsel, Sutton would have to prove that: "(1) [his] underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citations omitted). Our prior decisions make clear that "[c]ounsel is presumed effective, and the petitioner bears the burden of proving otherwise." *Id*. (citation omitted). Moreover, "[a] failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010) (citation omitted).

We need not address all three prongs, as we conclude Sutton has not

- 4 -

established the necessary prejudice to succeed. In situations such as this, where Sutton

> seeks to collaterally attack his waiver of a jury trial, on grounds that it was caused by the ineffective assistance of his trial counsel, to prove prejudice, he must demonstrate a reasonable probability that but for counsel's constitutionally deficient service, the outcome of the waiver proceeding would have been different, *i.e.*, that he would not have waived his right to a jury trial.

***Commonwealth v. Mallory***, 941 A.2d 686, 704 (Pa. 2008).

We point out that other than generalized and largely irrelevant citations to what would apparently constitute prejudice, **see** Appellant's Brief, at 15 (discussing, for example, the prejudicial denial of the right to self representation or to one's right to select an attorney), Sutton does not cite to any directly applicable authority. Further, Sutton concedes that trial counsel's "strategy in seeking severance pre-trial was unquestionably the right call[.]" **Id**., at 14.

While best practices would dictate that the trial court obtain a written waiver to Sutton's right to a jury trial in addition to a clear on-the-record colloquy evincing the same, we see no basis to conclude that there is a reasonable probability that Sutton would not have waived his right to a jury trial:

> **The [c]ourt**: Sir, did you understand what she just explained to you in terms of that charge?
>
> **[Sutton]**: Yes, ma'am.

> **The [c]ourt**: [The charges have] been bifurcated so that the jury does not hear that you had a prior conviction and the nature of that conviction. If the jury finds you guilty of possession of a firearm in the other sections, it's been stated to this [c]ourt that –
>
> **[Sutton's trial counsel]**: That I would simply concede the 6105.
>
> **The [c]ourt**: That that point would be conceded and this [c]ourt would formally find you guilty separately. Okay? Is that correct, sir?
>
> **[Sutton]**: Yes, ma'am.
>
> **The [c]ourt**: Okay. Do you have any difficulties about that? Do you understand that?
>
> **[Sutton]**: I understand.

N.T., 10/6/15, at 122-23. The following day, after the jury found Sutton guilty of two other firearm-related offenses:

> **[The Commonwealth]**: … But we still have the matter of 6105, Your Honor.
>
> **[Sutton's trial counsel]**: We bifurcated.
>
> **The [c]ourt**: Oh, right. And it's been agreed that if [the jury] found [Sutton] guilty of the Violation of the Uniform Firearm's Act, there's no disagreement that this [c]ourt would find him guilty on the VUFA.
>
> **[Sutton's trial counsel]**: Or that we would plead guilty. He's already in custody.
>
> **The [c]ourt**: Whichever way you wish to do it. It was bifurcated. I can say what the verdict is if that's easier for you.
>
> **[Sutton's trial counsel]**: I mean, we'll plead guilty, Your Honor. Whatever is fastest with less paperwork.
>
> **The [c]ourt**: Okay. Since it was agreed that it would be bifurcated and up to this [c]ourt to make that decision, I find you

guilty of Violation of the Uniform Firearm's Act under Section 6105.

N.T., 10/7/15, at 20-21.

Although we note that these proceedings lacked the formality normally associated with a defendant's waiver of his right to a jury trial, the record reflects the fact that: 1) Sutton was fully apprised of his rights by trial counsel; 2) Sutton understood the nature of what he was giving up by not seeking a jury trial, he agreed to this disposition, and his comprehension and acceptance of the conditional nature of the offense being adjudicated by a nonjury trial is clear; and 3) the bifurcation of Sutton's offenses, where the jury would not hear about his prior criminal activity was reasonable under the circumstances, *see* Appellant's Brief, at 14. Additionally, while brief, Sutton received a nonjury trial, which, in terms of evidence, was comprised of fact finding performed by the jury empaneled to adjudicate his other charged offenses in conjunction with Sutton's own admissions.

"Waivers [to fundamental rights] can occur by conduct or by implication." *See Mallory*, 941 A.2d at 697. We find that Sutton's waiver of to his right to a jury trial is more evident than one established through implication. The Section 6105 charge was bifurcated and explicitly agreed to by Sutton for a calculated purpose: so that the jury would not hear about his prior conviction. Further, as noted, Sutton concedes that this strategy was "unquestionably the right call." Appellant's Brief, at 14.

Sutton has failed to demonstrate that, absent counsel's failure to object, there is a reasonable probability he would not have waived his right to a jury trial. **See Mallory**, 941 A.2d at 704. He has offered no rational basis for us to conclude that he would have desired a jury trial if the question was again raised. Moreover, there is no evidence that Sutton desired to alter the trajectory of the conditional Section 6105 charge after the jury returned its verdict.

Sutton's brief is replete with statements to the effect that he never received a trial of any kind nor did he participate in a guilty plea. While the trial court should have explicitly followed the Rules of Criminal Procedure, **see** Pa.R.Crim.P. 620, we see no reason to conclude that Sutton was denied his right to a trial. The record reflects that Sutton received both a jury and a nonjury trial. Based on the combination of the jury's findings as to his other offenses and Sutton's admission to the facts underpinning a Section 6105 charge, there was nothing more necessary for the court to find Sutton guilty of that specific offense.

Sutton next argues that there is insufficient evidence of record to sustain his conviction under section 6105. He therefore contends trial and appellate counsel were ineffective for not preserving this claim.

Section 6105 identifies that a person convicted of an enumerated offense "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in"

Pennsylvania. 18 Pa.C.S.A. § 6105(a)(1). That statute does provide a limited sixty-day exception by which individuals may sell or transfer their firearms to another eligible person. **See id**., at § 6105(a)(2)(i).

Both of the crimes the jury found Sutton guilty of required possession of a firearm. **See** 18 Pa.C.S.A. §§ 6106, 6108. The Commonwealth submitted evidence on Sutton's firearm possession, **see, e.g.**, N.T., 10/6/15, at 29, and the jury found the Commonwealth's evidence to be credible in its verdict, **see id**., 10/7/15, at 17-18. Therefore, the jury's finding established the requisite possession of a firearm. In addition, Sutton conceded that he was a "prohibited person" within the meaning of Section 6105 and did not, either at trial or now, raise any exception to this designation. **See** N.T., 10/6/15, at 123.

"Parties are free to bind themselves by stipulation on all matters not affecting the jurisdiction and prerogatives of the court, and the court has the power to enforce those stipulations." **Wayda v. Wayda**, 576 A.2d 1060, 1067 (Pa. Super. 1990) (citations omitted). "A stipulation is a declaration that the fact agreed upon is proven, and it must be enforced according to its terms." **Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (citation omitted). Sutton was free to stipulate that his prior conviction disqualified him from possessing a firearm under Section 6105. **See Commonwealth v. Jemison**, 98 A.3d 1254, 1261 (Pa. 2014).

As the two constituent parts comprising the Section 6105 were met, by way of unqualified stipulation to the predicate offense as well as a jury finding

Sutton was in possession of a firearm, the evidence was sufficient for the trial court to convict Sutton under this section. Accordingly, Sutton's sufficiency of the evidence claim lacks arguable merit, **see Roney**, 79 A.3d at 604, and counsel were not ineffective for failing to preserve this claim for review on direct appeal.

In finding neither of Sutton's claims to be meritorious, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

Judge Nichols joins in the memorandum.

Judge Olson concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/19