J-S30017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY REESE STREAMER | : | |
| | : | |
| Appellant | : | No. 381 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 3, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005572-2022

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 11, 2025**

Jeffrey Reese Streamer (Appellant) appeals from the judgment of sentence imposed, upon resentencing, for his conviction of burglary.[1]  This matter returns to us following remand for resentencing based on this Court's conclusion that Appellant's additional convictions of simple assault and criminal mischief[2] merged with his burglary conviction for sentencing purposes.  ***Commonwealth v. Streamer***, 328 A.3d 525, 2983 EDA 2023 (Pa. Super. 2024) (unpublished memorandum).  After careful review, we affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(1)(i).

[2] 18 Pa.C.S.A. §§ 2701(a), 3304(a)(5).

The trial court previously summarized the factual history underlying this appeal:

> Priscilla Sims-Brown [(Sims-Brown)] hired [Appellant] around March 2022[,] through a friend's referral[,] to perform weekly outdoor gardening services at her home in Springfield Township, Montgomery County. [Appellant] was not given a key to the residence, did not have permission to enter the residence[,] and[,] on an occasion when he knocked on the door to give Sims-Brown her mail, was advised by her "not to worry about the mail and not to do that again."
>
> During the summer of 2022, while Sims-Brown was traveling and only sporadically returning to the property, her longtime family friend[,] Dail St. Claire [(St. Claire),] resided at the property by herself. Sims-Brown had introduced St. Claire to [Appellant] before leaving and had informed her that [Appellant] was the gardener. St. Claire subsequently had little contact with [Appellant] over the summer, with the exception of him asking several times when Sims-Brown would be returning[,] and on one occasion when he had entered the home to deliver mail. St. Clair[e] told [Appellant] he did not need to get the mail and reported the event to Sims-Brown.
>
> On September 1, 2022, [Appellant] arrived at the property with his dog at 9:49 a.m. St. Claire was sitting outside by the pool working remotely on her laptop. [Appellant's] dog approached her[,] and [Appellant] retrieved the dog apologetically. [Appellant] performed his gardening services and left at 10:49 a.m. St. Clair[e] eventually went inside the residence to prepare for a [Z]oom work meeting.
>
> Unbeknownst to St. Clair[e], [Appellant] returned to the property at 11:43 a.m. With St. Claire inside preparing for her soon-to-begin [Z]oom meeting, [Appellant] entered the residence and approached her at an accelerated pace. She was not immediately concerned because she knew of [Appellant] and was focused on the upcoming [Z]oom meeting. That quickly changed, however, when she saw the intensity of [Appellant's] facial expression. [Appellant] grabbed St. Claire by the upper left arm and said[,] "let's do this." [St. Claire] felt pain in her arm when

[Appellant] grabbed her. [St. Claire] pushed [Appellant] away[,] and [Appellant] began to pursue her around a large table in the center of the room while holding a tool of some kind. [Appellant] pushed the contents of the table to the floor while following St. Claire, breaking vases and St. Claire's laptop and phone. [Appellant] eventually shoved the table toward St. Claire, admittedly flipping it over and breaking it.

With the table no longer a barrier between them, St. Claire ran from the home with [Appellant] in pursuit. [St. Claire] outran [Appellant and proceeded] in the direction of a nearby park, during which time she suffered an injury to her foot because she had fled while not wearing shoes. [St. Claire] eventually encountered bystanders who assisted her in calling 911. Responding police found St. Claire to be distraught and emotional.

Trial Court Opinion, 1/17/24, at 1-3 (citations to record omitted).

Following a bench trial, the trial court found Appellant guilty of the above-described offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. Additionally, the Commonwealth moved for Appellant to be sentenced as a "second-strike" offender under 42 Pa.C.S.A. § 9714(a), which we detail *infra*. On October 18, 2023, the trial court sentenced Appellant, as a second-strike offender, to the mandatory term of 10 to 20 years' imprisonment for burglary. The court also imposed consecutive 1- to 2-year sentences for Appellant's simple assault and criminal mischief convictions.

Appellant filed a timely post-sentence motion challenging the imposition of consecutive sentences, which the trial court denied. On direct appeal, this Court concluded Appellant's convictions of simple assault and criminal mischief merged with his burglary conviction for sentencing purposes, and therefore,

the trial court improperly imposed consecutive sentences. *See Steamer*, 328 A.3d 525 (unpublished memorandum at 10-12). Accordingly, we vacated Appellant's judgment of sentence and remanded the matter for resentencing. *Id.* (unpublished memorandum at 12).

The trial court conducted a resentencing hearing on January 3, 2025. On that date, the trial court sentenced Appellant to the mandatory term of 10 to 20 years' imprisonment for burglary as a second-strike offender. *See* N.T., 1/3/25, at 15. The court then declared the simple assault and criminal mischief convictions merged with the burglary conviction. *See id.* at 17.

Appellant did not file a post-sentence motion following resentencing. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review: "Whether the trial court erred in sentencing [] Appellant under the 'strike two' or 'second-strike' statute pursuant to 42 Pa.C.S.A. [§] 9714(a)(1) … where the statute violates due process and is therefore unconstitutional[?]" Appellant's Brief at 3 (some capitalization modified).

The trial court opined that Appellant waived this claim by failing to raise it during the resentencing hearing or in a post-sentence motion, and by failing to specify why Appellant believes section 9714 is unconstitutional. *See* Trial Court Opinion, 2/24/25, at 3. However, it is well settled that "a challenge to the legality of a sentence cannot be waived[.]" *Commonwealth v. Starr*,

234 A.3d 755, 764 (Pa. Super. 2020); *see also Commonwealth v. Prinkey*, 277 A.3d 554, 565 (Pa. 2022) (stating that "because a sentencing court loses its authority to exercise discretion when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates legality." (citation omitted)).

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hernandez*, 328 A.3d 1159, 1165 (Pa. Super. 2024) (citation omitted).

Appellant argues section 9714, under which he was sentenced as a second-strike offender, is unconstitutional. Appellant's Brief at 12-13 (citing *Commonwealth v. Butler*, 760 A.2d 384 (Pa. 2000)). Therefore, Appellant claims, his sentence is illegal and must be vacated. *Id.* at 13.[3]

Section 9714 of the Sentencing Code provides, in relevant part, as follows:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum

---

[3] The argument section of Appellant's counseled appellate brief contains only cursory citations to *Butler*, the Fourteenth Amendment to the United States Constitution, and the relevant sentencing statute, without any discussion of those authorities. *See* Pa.R.A.P. 2119(a) (providing an appellate argument shall include "such discussion and citation of authorities as are deemed pertinent."). Because the undeveloped nature of Appellant's argument does not impede our review, and because his claim implicates the legality of his sentence, we decline to find waiver on this basis.

sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. …

42 Pa.C.S.A. § 9714(a)(1); *see also id.* § 9714(d) (defining "crime of violence" as used in this sentencing scheme). Here, "[a]t a sentencing hearing on October 18, 2023, the Commonwealth presented certified copies of [Appellant's] prior convictions for arson…." Trial Court Opinion, 1/17/24, at 3.

Appellant suggests our Supreme Court's decision in *Butler* declared 42 Pa.C.S.A. § 9714 unconstitutional. In *Butler*, the defendant was sentenced under a prior version of section 9714(a)(1), which included the following language:

Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence and **has not rebutted the presumption of high risk dangerous offender** as provided in subsection (c), be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. If at the time of the commission of the current offense the person has previously been convicted of a crime of violence and **has rebutted the presumption of high risk dangerous offender** as provided in subsection (c), the person shall be sentenced to a minimum sentence of at least five years of total confinement….

42 Pa.C.S.A. § 9714(a)(1) (2000) (emphasis added). Under former subsection (b), the presumption that the offender was a high-risk offender arose if 1) he had previously been convicted of a crime of violence, and 2) the previous conviction occurred within seven years of the date of the instant

offense. *Id.* § 9714(b). After the trial court determined the presumption applied, the offender could offer evidence rebutting the presumption. *Id.* § 9714(c). The offender was required to rebut the high-risk dangerous offender presumption by clear and convincing evidence. *Id.* § 9714(c)(5). The *Butler* Court held that this scheme, which placed the burden of proof on the offender to rebut the presumption that he was a high-risk dangerous offender, violated the defendant's due process rights. *Butler*, 760 A.2d at 332-33; *see also id.* at 333 (noting that former section 9714(c)(2) detailed a list of factors for the court to consider when conducting a **subjective** assessment of an offender's potential future dangerousness, and thus, "resolution of competing facts presented at the post-trial proceeding, which is not governed by the rules of evidence, will most likely be outcome determinative.").

After our Supreme Court's decision in *Butler*, "the legislature amended section 9714(a)(1) by removing the presumption … found unconstitutional in *Butler* and requiring a mandatory minimum sentence of 10 years' imprisonment if the defendant has one previous conviction for a crime of violence." *Commonwealth v. Belak*, 825 A.2d 1252, 1254 n.3 (Pa. 2003). The current version of the statute, under which Appellant was sentenced, does not include the presumption deemed unconstitutional in *Butler*. Appellant's

claim of an illegal sentence, based upon our Supreme Court's holding in

**Butler**, warrants no relief.[4]

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025

---

[4] We note that Pennsylvania courts have also rejected challenges to the constitutionality of section 9714(a)(1) premised on **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) (holding that any fact, *other than a prior conviction*, "that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and **Alleyne v. United States**, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime [or increases the mandatory minimum sentence] is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."). **See Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015) (rejecting a challenge to the constitutionality of section 9714(a)(1) under **Alleyne**, reasoning that "**Alleyne** did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses."); **Commonwealth v. Forbes**, 867 A.2d 1268, 1277-78 (Pa. Super. 2005) (rejecting the appellant's challenge to the constitutionality of section 9714(a)(1) under **Apprendi**, because prior convictions—which are matters of record—are specifically excepted from the **Apprendi** rule, and section 9714(a)(1) sets a mandatory minimum penalty rather than increasing the statutory maximum).