J. S03011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                 v.              :
                                         :

IVORY PERKINS,              :  No. 727 EDA 2015
                                         :
              Appellant     :

Appeal from the PCRA Order, February 27, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0402561-2002

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 15, 2016**

Ivory Perkins appeals ***pro se*** from the order filed in the Court of Common Pleas of Philadelphia County which dismissed, without a hearing, his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the following factual and procedural history:

> On August 9, 2002, a jury convicted the [appellant] of burglary,[1] criminal trespass[2] and related offenses.  On October 9, 2002, [appellant]

---

[1] 18 Pa.C.S.A. § 3502(a).

[2] 18 Pa.C.S.A. § 3503(a)(1)(i).

received [an] aggregate sentence of not less than sixteen or more than thirty five years' incarceration to be followed by four years' probation. The Superior Court affirmed the judgment of sentence on June 14, 2004. ***Commonwealth v. Perkins***, 265 EDA 2003. On March 14, 2007, the Pennsylvania Supreme Court granted the defendant's petition for allowance of appeal, vacated the criminal trespass sentence because it merged with the burglary and remanded the case for resentencing. On August 2, 2007, the lower court resentenced [appellant] to an aggregate sentence of not less than fifteen or more than thirty years' imprisonment.

[Appellant] filed his first PCRA petition on August 28, 2007. The lower court denied relief on January 21, 2009 and the Superior Court affirmed on January 26, 2010.

[Appellant] filed his second PCRA petition on May 24, 2011. After review of the record and the applicable law, the lower court issued a notice of intent to dismiss without a hearing pursuant to [Pa.]R.Crim.P. 907 on December 12, 2011 and dismissed the petition as untimely filed by order dated January 17, 2012. [Appellant] appealed and the Superior Court dismissed his appeal for failure to comply with [Pa.R.A.P.] 3517 on June 5, 2012.

On June 10, 2014, [appellant] filed his third PCRA petition claiming that his 2002 burglary sentence, imposed under the Second Strike Act, 42 Pa.C.S.A. § 9714 ([s]entences for second and subsequent offenses) was illegal because when he received his first burglary conviction in 1994 as the result of a guilty plea, the offense was not considered a crime of violence.[Footnote 1] His third petition was dismissed without a hearing on February 27, 2015. This appeal followed.

_____

[Footnote 1] 42 Pa.C.S.A. § 9714 (a) Mandatory sentence.--

(1)  Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

PCRA court opinion, 4/8/15 at 1-2.

Appellant raises the following issues for our review:

[1.]  Did the PCRA Court have jurisdiction to consider [appellant's] third PCRA petition after his judgement of sentence became final beyond the one year period where he invoked "any" exceptions to the PCRA's time bar?

[2.]  Did the PCRA Court's denial found [sic] to be free of legal error and supported by the record?

[3.]  Did the PCRA Court focus on and enforce the applicable sixty day period for exception to the one year period?

[4.]  Did the PCRA Court have jurisdiction to review the merits of an untimely PCRA petition referenced interference by government officials, facts that were unknown, exercise of due diligence and righte [sic] asserted are constitutional right [sic] recognized by the Supreme Court of the United States and the Supreme Court of Pennsylvania after the final judgement?

[5.] Did the PCRA Court interfere with [appellant's] pro-se development of claims of reference to the statutory provisions for time bar exception?

[6.] Did the PCRA Court deny hearing where there were actual disputed factual and legal matters?

[7.] Did the PCRA Court infringe upon [appellant's] constitutionality of General Rules and of Statue [sic]?

Appellant's brief at 3-4.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. **Commonwealth v. Callahan**, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); **see also Commonwealth v. Wharton**, 886 A.2d 1120 (Pa. 2005).

Here, the trial court resentenced appellant on August 2, 2007. Appellant failed to file a direct appeal to this court, and consequently,

appellant's judgment of sentence became final 30 days after imposition of sentence and the time for filing a direct appeal expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed June 10, 2014, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant contends that his October 9, 2002 burglary sentence is illegal because it was imposed under the second strike act, 42 Pa.C.S.A. § 9714, which requires a mandatory minimum sentence of 10 years' incarceration where a defendant had previously been convicted of a crime of

violence. To that end, appellant complains that when he pled guilty to his first burglary in 1994, burglary was not considered a crime of violence under the second strike act. As such, appellant claims that because burglary became a crime of violence as a result of two amendments to the second strike act in 1995 and 2000 that increased penalties for second and subsequent convictions of crimes of violence, his 2002 sentence under the second strike act is unlawful. (Appellant's brief *in passim*.)

Challenges to the legality of the sentence are never waived. ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super 2005). This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. ***Id.***

In an attempt to circumvent the jurisdictional bar, appellant first claims that his petition falls under the exceptions at 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii), alleging newly discovered evidence, and a newly recognized constitutional right to relief, pursuant to the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___ (2013), 133 S.Ct. 2151 (2013). We disagree.

In analyzing a claim of newly discovered evidence under Section 9545(b)(1)(ii), our supreme court in ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007), made clear that the exception set forth in Subsection (b)(1)(ii) does not require any merits analysis of the underlying

claim. Rather, the exception merely requires that the facts upon which the claim is predicated must not have been known to appellant and could not have been ascertained by due diligence. *Id.* (citation omitted). Therefore, the plain language of Subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. *Id.* at 1272. Rather, Subsection (b)(1)(ii) has two components, which appellant must allege and prove: (1) that the facts upon which the claim was predicated were unknown and (2) that those facts could not have been ascertained by the exercise of due diligence. *Id.* If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. *Id.* (citation omitted).

Here, appellant claims that the newly discovered evidence is the United States Supreme Court's decision in *Alleyne*, *supra*, which is derivatively applicable to him and implicates the legality of his sentences. We do not find appellant's argument persuasive for three reasons.

First, our courts have expressly rejected the notion that judicial decisions can be considered newly discovered facts which would invoke § 9545 (b)(1)(ii) protections. *See Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011) (holding that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in Section 9545(b)(1)(ii) of the PCRA; "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been

ascertained through due diligence, and judicial determinations are not facts"); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012) (same).

Second, even if appellant's claim had met the underlying requirements of § 9545(b)(1)(ii), he still would not be entitled to any relief, as he did not satisfy the 60-day requirement set forth in § 9545(b)(2). Appellant did not file his PCRA petition alleging such exception within 60 days of the **Alleyne** decision. To fulfill the 60-day requirement, appellant was required to file his petition within 60 days of the Court's decision. **Brandon**, **supra**, at 235 (finding appellant's claim, alleging recently filed judicial decision as newly discovered fact, failed for, **inter alia**, not complying with § 9545(b)(2),"the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the decision). The United States Supreme Court's decision in **Alleyne** was filed on June 17, 2013. Appellant filed his petition 358 days later on June 10, 2014. Thus, the petition was untimely on this basis as well.

Third, even if even appellant's claim met the underlying requirements of § 9545(b)(1)(ii) and satisfied the 60-day requirement set forth in Section 9545(b)(2), **Alleyne** is not applicable. In **Alleyne**, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. In

***Apprendi v. New Jersey***, 530 U.S. 466 (2000), 120 S.Ct. 2348 (2000), however, the United States Supreme Court held that a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to trial by jury require that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum, be submitted to a jury and proven beyond a reasonable doubt. ***Id.*** at 2362-2363; ***see also Commonwealth v. Belak***, 825 A.2d 1252, 1256 (Pa. 2003).

Moreover, the legislative history of the second strike act, 42 Pa.C.S.A. § 9714, shows that, contrary to appellant's claim, burglary was already included in the definition of a crime of violence in 2000. Additionally, in its 2000 amendments, the legislature provided that Title 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statute applied to proceedings initiated on or after its effective day,[3] which necessarily included appellant's 2002 sentence proceeding. Therefore, appellant's claim lacks merit.

Appellant also fails to satisfy the requirements necessary for invoking the newly recognized constitutional right exception, pursuant to Section 9545(b)(1)(iii). Although appellant claims that ***Alleyne*** created a newly recognized constitutional right because it rendered the second strike act unconstitutional as applied to him, ***Alleyne***, as discussed above, is not

---

[3] 1999 Pa.S.B. 380, effective 7/10/00.

applicable here. Therefore, that holding does not create a newly recognized constitutional right that can serve as the basis for relief for appellant.

Appellant finally claims that the "government interference" exception, 42 Pa.C.S.A. § 9545(b)(1)(i), applies because (1) the PCRA court dismissed his petition and (2) the state correctional institute where he is incarcerated does not have current PCRA petition forms. (Appellant's brief *in passim*.) Pennsylvania courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence. ***Commonwealth v. Heredia***, 97 A.3d 392, 394 (Pa.Super. 2014) (citation omitted). Because appellant's complaint of government interference fails to challenge the propriety of his conviction or his sentence, this claim lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016

- 10 -