2018 PA Super 392

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| GUY C. HAUGHWOUT, SR. | : | |
| Appellant | : | No. 416 MDA 2018 |

Appeal from the Judgment of Sentence October 6, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001537-2014,
CP-40-CR-0003790-2013

BEFORE: SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED OCTOBER 30, 2018**

Appellant, Guy C. Haughwout Sr., appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after this Court remanded for resentencing on the charges of failing to comply with registration requirements and failure to provide accurate registration information under 18 Pa.C.S.A. § 4915.1(a)(1) and (3), respectively.[1] After careful review, we affirm.

---

[1] This section provides:

> **(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

---

\* Former Justice specially assigned to the Superior Court.

Appellant was convicted of indecent assault in February of 2002; the parties assert that Appellant was classified as a Sexually Violent Predator (SVP) and subject to lifetime registration requirements under Megan's Law I.[2]

In the instant cases, on September 17, 2015, Appellant pled guilty to failure to comply with registration requirements and failure to provide accurate registration information at docket 3790 of 2013 and two counts of failure to provide accurate registration information at docket 1537 of 2014.

On October 26, 2015, the lower court sentenced Appellant to an aggregate sentence of 11-22 years' incarceration, which included several mandatory minimum sentences under 42 Pa.C.S.A. § 9718.4. Appellant filed a post-sentence motion which the lower court denied on November 18, 2015. Appellant filed a timely appeal.

On February 13, 2017, this Court vacated the judgments of sentence and remanded for resentencing without the application of the mandatory minimum sentences under Section 9718.4 based on the precedent set forth in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

---

*** 
(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

18 Pa.C.S.A. § 4915.1(a)(1)-(3).

[2] The record does not establish when the underlying offense was committed.

After remand, on October 6, 2017, the lower court resentenced Appellant to an aggregate sentence of 8-16 years' imprisonment. Appellant filed a timely notice of appeal. This Court subsequently dismissed the appeal due to the untimeliness of Appellant's docketing statement.

On February 20, 2018, Appellant filed a petition, uncontested by the Commonwealth, pursuant to the Post Conviction Relief Act (PCRA) seeking the reinstatement of his appellate rights. The lower court granted his petition and reinstated his appellate rights. Appellant filed another notice of appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant argues that this Court should vacate his convictions under Section 4915.1 pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In **Muniz**, the Supreme Court was asked to decide whether the registration and reporting provisions of the Sexual Offender Registration and Notification Act (SORNA) were unconstitutional as applied to a defendant who was convicted of indecent assault in 2007 and subject to a ten-year registration requirement under Megan's Law III (42 Pa.C.S.A. § 9795.1) (expired).

However, as Muniz absconded prior to sentencing, he was not apprehended until 2014 after which he was sentenced and deemed subject to lifetime registration under SORNA. The Supreme Court concluded that SORNA's registration and notification requirements were punitive in effect and therefore, the retroactive application of SORNA's registration provisions to

offenses committed prior to SORNA's effective date (December 20, 2012) violates the *ex post facto* clauses in our federal and Pennsylvania Constitutions. **Id**. at 1193.

In the instant case, Appellant asks this Court to vacate his conviction and argues that the Supreme Court's decision in **Muniz** rendered SORNA unconstitutional in its entirety and that the prior law under which Appellant was deemed a lifetime registrant cannot be revived. Appellant's Brief at 9.

However, Appellant fails to recognize the **Muniz** court did not find SORNA unenforceable in all contexts; rather, the Supreme Court held that SORNA was unconstitutional *as applied* to Muniz because it changed his registration requirement from ten years to lifetime registration, and thus, increased his punishment for indecent assault after he committed the offense.

Appellant's case is distinguishable as he was subject to lifetime registration upon his initial conviction and the enactment of SORNA did not change his reporting period. As a result, we find no merit to Appellant's claim.

For the foregoing reason, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins the Opinion.

Judge Shogan files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2018