J-S51041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS DEAN WELSH, | : | |
| | : | |
| Appellant | : | No. 1850 MDA 2018 |

Appeal from the PCRA Order Entered February 21, 2017
in the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000829-2007

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:      **FILED: NOVEMBER 21, 2019**

Douglas Dean Welsh ("Welsh"), *pro se*, appeals from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm in part, vacate the underlying judgment of sentence to the extent that it designates Welsh as a sexually violent predator ("SVP") under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, and remand with instructions.

In September 2010, a jury convicted Welsh of aggravated indecent assault, corruption of minors, indecent assault and criminal conspiracy, arising out of his myriad sexual offenses committed against a minor female and her younger brother, over several years. Prior to sentencing, the Commonwealth provided Welsh Notice of its intent to seek imposition of a mandatory minimum

sentence of life in prison, pursuant to 42 Pa.C.S.A. § 9718.2(a)(2).[1] Moreover, due to the nature of the charges, the trial court ordered Welsh to undergo an assessment by the Sexual Offenders Assessment Board to determine whether he should be classified as an SVP under the version of Megan's Law then in effect, Megan's Law III, 42 Pa.C.S.A. § 9795.1 *et seq.* (expired). At the conclusion of the February 22, 2011 sentencing/SVP hearing, the trial court imposed an aggregate sentence of life in prison.[2] Additionally, the court determined that Welsh met the definition of an SVP, and informed him that he was required to register and report as a Tier III sexual offender for his lifetime.

On direct appeal, this Court affirmed Welsh's judgment of sentence, after which our Supreme Court denied allowance of appeal. ***See Commonwealth v. Welsh***, 60 A.3d 562 (Pa. Super. 2012) (unpublished memorandum), ***appeal denied***, 76 A.3d 540 (Pa. 2013).

---

[1] Because Welsh was a "third strike" sexual offender due to his prior criminal record, a mandatory minimum sentencing statute applied: 42 Pa.C.S.A. § 9718.2(a)(2) (providing that "[w]here the person had[,] at the time of the commission of the current offense[,] previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9799.14 [(governing sexual offenses and tier system),] or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense …, the person shall be sentenced to a term of life imprisonment….").

[2] The court imposed two separate terms of life in prison, one as to each of the victims.

On August 15, 2014, Welsh filed the instant, timely, *pro se* PCRA Petition, his first. In response, the PCRA court appointed Welsh counsel, who filed a Supplement to the PCRA Petition. Following a procedural history not relevant to this appeal, the PCRA court conducted a hearing on December 9, 2016. By an Opinion and Order entered on February 21, 2017, the PCRA court denied Welsh's PCRA Petition.

Welsh timely filed a *pro se* Notice of Appeal, *nunc pro tunc*.[3] The PCRA court ordered Welsh to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Welsh timely complied.

On appeal, Welsh raises the following questions for our review:

I. Whether the PCRA court erred and abused it[]s discretion in illegally sentencing [Welsh] to two life sentences pursuant to 42 Pa.C.S.A. § 9718, and/or failing to correct [Welsh's] two illegal life sentences pursuant to [section] 9718, when raised in a timely PCRA Petition?

II. Whether the PCRA court erred and abused it[]s discretion in dismissing [Welsh's] PCRA Petition[,] where all prior counsel(s) rendered ineffective assistance of counsel[,] in violation of the Sixth Amendment of the United States Constitution?

III. Whether the retroactive application of [SORNA] to [Welsh] is illegal and violates both the state and federal Constitutions['] *ex post facto* clauses and/or[,] in the alternative[,] whether

---

[3] In response to a *per curiam* Order that this Court issued to the PCRA court, the court explained that Welsh had requested to represent himself. The court further stated that it had conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that Welsh was waiving his right to counsel knowingly, intelligently, and voluntarily. **Cf. Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that, absent a waiver pursuant to **Grazier**, a first-time *pro se* PCRA petitioner is entitled to the benefit of the assistance of counsel on appeal).

>the SORNA statute's requirement that [Welsh] register under a formal sexual offender registration law of this Commonwealth (Megan's Law III) violates [Welsh's] right to due process and constitutes an illegal sentence?

Brief for Appellant at 3 (issues renumbered, some capitalization omitted).

In reviewing an order denying a PCRA petition, this Court's standard of review is limited to "whether the [PCRA] court's legal conclusions are correct and whether its factual findings are clearly erroneous." **Commonwealth v. Edwards**, 177 A.3d 963, 971 (Pa. Super. 2018).

In his first issue, Welsh argues that the trial court's imposition of a mandatory minimum sentence of life in prison, pursuant to 42 Pa.C.S.A. § 9718.2(a)(2),[4] was unconstitutional pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), and the Pennsylvania Supreme Court's subsequent decision in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). **See** Brief for Appellant at 14-18. We disagree.

This Court has explained the holding in **Alleyne** as follows:

>According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

---

[4] Welsh does not dispute that he was previously convicted of qualifying offenses under subsection 9718.2(a)(2), including involuntary deviate sexual intercourse and indecent assault.

- 4 -

***Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (emphasis added; footnotes omitted); ***see also Alleyne***, 570 U.S. at 111 n.1 (upholding the Supreme Court's prior holding in ***Almendarez-Torres v. U.S.***, 523 U.S. 224 (1998), that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt); ***see also Commonwealth v. Golson***, 189 A.3d 994, 1001-02 (Pa. Super. 2018) (upholding imposition of a 25-year mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718.2, based upon a prior conviction).

In the instant case, the sentencing court applied mandatory minimum sentences under subsection 9718.2(a)(2), based upon Welsh's *prior convictions* of qualifying offenses under that statute. Therefore, Welsh's sentence is not illegal and does not run afoul of ***Alleyne***.[5] ***See Watley***, ***supra***. Moreover, the Pennsylvania Supreme Court has held that ***Alleyne*** is not applicable retroactively to cases on PCRA review. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Accordingly, Welsh's first issue entitles him to no relief.

In his second issue, Welsh avers that all prior counsel rendered ineffective assistance, in numerous respects, as follows:

- Trial counsel was ineffective for failing to amend the Petition for Allowance of Appeal Welsh filed in the Pennsylvania Supreme Court in 2012, to include a challenge to the legality

---

[5] Further, Welsh's reliance on ***Wolfe***, ***supra***, is misplaced because that case did not involve the imposition of a mandatory minimum based on a prior conviction, but rather, the age of the victim.

of Welsh's life sentence pursuant to **Alleyne** and its progeny. **See** Brief for Appellant at 24-30; **see also id.** at 30 (wherein Welsh raises a "layered" ineffectiveness claim against PCRA counsel for failing to assert trial counsel's ineffectiveness in this regard before the PCRA court).

- Trial counsel was ineffective for failing to request dismissal of all of the charges against Welsh. **See id.** at 31-37 (hereinafter referred to as the "warrant ineffectiveness claim"). Specifically, the allegations contained in the search warrant concerning Welsh's residence were stale, as being asserted over three years after the last alleged criminal conduct in 2007, and thus, the warrant was not supported by probable cause. **See id.** at 32. Moreover, the Commonwealth purportedly did not allege a continuing course of criminal conduct, and this case did not involve the possession of child pornography. **See id.** at 33.

- Trial counsel was ineffective for failing to move for severance of Welsh's jury trial from that of his codefendant, where Welsh was ready to proceed to trial, but his codefendant's case was "stalled" due to a pre-trial appeal, which resulted in a violation of Welsh's right to a speedy trial. **See id.** at 38-41 (hereinafter referred to as the "severance ineffectiveness claim").

- PCRA counsel was ineffective for failing to conduct an investigation into purported new evidence that the prosecuting attorney had engaged in misconduct by coaching and permitting the female victim to lie in her testimony, and by failing to request a court-appointed private investigator to locate and interview this victim's foster father, who also sexually abused the victim. **See id.** at 41-47 (hereinafter referred to as the "prosecutorial misconduct ineffectiveness claim").

- Trial counsel was ineffective for failing to object to the admission of prior bad act evidence that Welsh had inappropriately touched the female victim during a trip to Florida, where the victim's trial testimony belied this evidence. **See id.** at 47-51 (hereinafter referred to as the "prior bad act ineffectiveness claim").

- Trial counsel was ineffective for failing to request a jury instruction pursuant to 18 Pa.C.S.A. § 301 (requirement of voluntary act), and argue to the jury that Welsh's act at the

time that he touched the female victim's genitals was not a voluntary act, where the victim's testimony purportedly established that this touching had occurred while Welsh was sleeping. **See id.** at 51-56 (hereinafter referred to as the "involuntary act ineffectiveness claim").

To be entitled to relief for ineffective assistance of counsel, a PCRA petitioner must establish that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015); **see also id.** at 445 (stating that "counsel cannot be deemed ineffective for failing to raise a meritless claim." (citation omitted)). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Counsel is presumed to provide effective assistance, and it is solely the petitioner's burden to prove ineffectiveness. **See id.**

Initially, concerning Welsh's claim that trial counsel was ineffective for failing to amend Welsh's Petition for Allowance of Appeal to include an **Alleyne** sentencing challenge, the underlying claim lacks merit for the reasons we discussed above, in connection with Welsh's first issue. Thus, trial counsel cannot be deemed ineffective for failing to raise this claim. **See Treiber**, **supra**.

Next, concerning the warrant ineffectiveness claim, in its Opinion and Order, the PCRA court addressed this claim, and set forth the applicable law, as follows:

"Settled Pennsylvania law establishes that stale information cannot provide probable cause in support of a warrant." ***Commonwealth v. Janda***, 14 A.3d 147, 158 (Pa. Super. 2011) (citation omitted). In particular:

> [A]ge of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale, [] and probable [cause] may no longer exist. Age alone, however, does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.

***Id.*** at 158-[]59 [(citation omitted)]. Corroborative information need not be current for it to be properly considered by the magistrate[,] so long as it relates to prior conduct sufficiently similar to the acts in question. ***Commonwealth v. Weidenmoyer***, 539 A.2d 1291, 1295 (Pa. Super. 1988). Additionally, "a showing that criminal activity is likely to have continued up to the time of the issuance of a warrant renders otherwise stale information viable." ***Commonwealth v. Jones***, 668 A.2d 114, 118 (Pa. 1995).

In the case at bar, the victims reported the alleged abuse to authorities on June 11, 2007. Both victims alleged the abuse occurred over a course of years, and the August 29, 2007 search warrant application and affidavit of probable cause reflect this allegation. One of the victims alleged [that] the abuse would occur when she stayed over at [Welsh's] house, which was at least once a week. The description of the alleged abuse[,] within the search warrant application and affidavit of probable cause[,] sufficiently establishes an alleged course of criminal conduct by [Welsh]. The fact that some of the alleged abuse occurred years before the search warrant was issued is of no moment due to the establishment of an alleged course of criminal conduct. After receiving the allegations of abuse from the victims, the authorities moved expeditiously to secure a search warrant. The [c]ourt finds [that] the information underlying the issuance of the search warrant was not stale, and thus[,] the issue is not of arguable merit. Therefore, [Welsh's] trial counsel was not ineffective for failing to f[u]rther develop the staleness issue during [Welsh's] case.

PCRA Court Opinion and Order, 2/21/17, at 3-4; *see also id.* at 1 (finding that "trial counsel raised the search warrant staleness issue several times during Welsh's case."). As the PCRA court's cogent rationale is amply supported by the law and record, we affirm on this basis in rejecting Welsh's instant ineffectiveness claim. *See id.* at 3-4.

Concerning Welsh's remaining claims of ineffectiveness of counsel (*i.e.*, the severance ineffectiveness claim, prosecutorial misconduct ineffectiveness claim, prior bad act ineffectiveness claim, and involuntary act ineffectiveness claim), Welsh waived these claims for his failure to raise them in his *pro se* PCRA Petition, or in PCRA counsel's Supplement to the Petition. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (stating that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." (citing Pa.R.A.P. 302(a) (providing that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")).[6] Nevertheless, even if these claims were not waived, our review discloses that they would not entitle Welsh to relief, as they lack arguable merit. *See Spotz*, *supra*.

---

[6] Furthermore, the fact that Welsh raised these claims in his Rule 1925(b) Concise Statement does not preserve them on appeal. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) (holding that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.") (citation omitted).

In his third and final issue, Welsh contends that his SVP designation is unlawful and in violation of our State and Federal Constitutions' *ex post facto* clauses. **See** Brief for Appellant at 19-23.[7] We agree, in accordance with this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), which in turn applied **Alleyne** and our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).

The **Muniz** Court held that the registration requirements under SORNA constitute criminal punishment, as opposed to a civil penalty; therefore, their retroactive application violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1193. Subsequently, this Court in **Butler** held that "section 9799.24(e)(3) of SORNA [(regarding SVP designation)[8]] violates the federal and state constitutions[,] because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218 (footnote added).

---

[7] Though Welsh raised this challenge to the legality of his sentence for the first time in his Rule 1925(b) Concise Statement, we may nevertheless review it. **See Commonwealth v. Adams-Smith**, 209 A.3d 1011, 1022 (Pa. Super. 2019) (reiterating the general rule that the legality of sentence can be raised by this Court *sua sponte*, in the context of a timely PCRA petition).

[8] Specifically, 42 Pa.C.S.A. § 9799.24(e)(3) provides that "[a]t the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved *by clear and convincing evidence* that the individual is a [SVP]." (emphasis added).

Here, the trial court conducted an SVP hearing and found Welsh to be an SVP under the now-unconstitutional SVP mechanism. Accordingly, we conclude that the trial court's Order deeming Welsh to be an SVP is unconstitutional, which renders the sentence illegal. *See Muniz*, *supra*; *Butler*, *supra*.[9] We thus affirm in part, vacate the judgment of sentence (to the extent that it requires registration and reporting requirements under SORNA), vacate Welsh's SVP designation, and remand this matter for the sole purpose of having the trial court issue Welsh appropriate notice of his registration obligations. *See Butler*, 173 A.3d at 1218; *Adams-Smith*, 209 A.3d at 1024.

---

[9] We acknowledge the Commonwealth's argument that, prior to Welsh's instant convictions (for which he will be incarcerated for his lifetime), Welsh was *already* reporting as a sexual offender for his lifetime under Megan's Law III. Panel decisions of this Court appear to be split on this issue. **Compare** *Commonwealth v. Haughwout*, 198 A.3d 403, 405 (Pa. Super. 2018) (holding that there was no *Muniz* violation where the defendant was already subject to lifetime registration under Megan's Law I), *appeal denied*, 207 A.3d 905 (Pa. 2019), with *Commonwealth v. Horning*, 193 A.3d 411, 416-17 (Pa. Super. 2018) (holding that SVP registration under SORNA violated *Muniz* even though the defendant would have been required to register for his lifetime under Megan's Law II. Specifically, though the defendant's registration period remained the same, SORNA "augment[ed] the registration requirements …, which included quarterly in-person reporting and the posting of [] personal information on the Pennsylvania State Police website."), *appeal denied*, 204 A.3d 370 (Pa. 2019), and *Adams-Smith*, 209 A.3d at 1022-23 (holding that although the defendant's sexual assault convictions carried lifetime registration under both Megan's Law III and SORNA, the imposition of SORNA violated the *ex post facto* clause because of increased reporting requirements).

Order affirmed in part; SORNA requirements and SVP status vacated; judgment of sentence affirmed in all other respects; case remanded with instructions; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/21/2019</u>