J-S12040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GUY C. HAUGHWOUT, SR. | : | |
| | : | |
| Appellant | : | No. 1366 MDA 2022 |

Appeal from the Order Entered September 15, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001537-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GUY C. HAUGHWOUT, SR. | : | |
| | : | |
| Appellant | : | No. 1367 MDA 2022 |

Appeal from the PCRA Order Entered September 15, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003790-2013

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 28, 2023**

Appellant, Guy C. Haughwout, Sr., appeals *pro se* from the order of the Court of Common Pleas of Luzerne County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* He previously entered guilty pleas to failing to comply with registration

_____

[*] Retired Senior Judge assigned to the Superior Court.

requirements and failing to provide accurate registration information under 18 Pa.C.S. § 4915.1(a)(1), (3).[1] He now challenges the legality of his sentence, the constitutionality of his convictions, and the effectiveness of his prior counsel. After careful consideration, we agree that Appellant's convictions violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions and, as a result, Appellant is serving an illegal sentence. We vacate the PCRA court's order, reverse Appellant's convictions, vacate his judgments of sentence, and remand with instructions.

On February 15, 2002, Appellant was determined to be a sexually violent predator (SVP) pursuant to Megan's Law II, 42 Pa.C.S. §§ 9791-99, in cases docketed at CP-40-CR-0003884-2000 and CP-40-CR-0001199-2001, in which Appellant had entered guilty pleas to, *inter alia*, two counts of indecent

_____

[1] At the time of Appellant's plea, this section provided:

> **(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);
> >
> > …
> >
> > (3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

18 Pa.C.S. § 4915.1(a)(1), (3) (version effective from December 20, 2012, to June 11, 2018).

assault.[2] ***Commonwealth v. Haughwout***, 837 A.2d 480, 482 (Pa. Super. 2003). The indecent assault charges were based on "incidents involving his five-year-old daughter in the Fall of 2000 and a ten-year-old girl during the Fall of 1996." ***Id.*** As a sexually violent predator under Megan's Law II, Appellant was subject to lifetime registration requirements. ***Id.*** at 487, ***citing*** 42 Pa.C.S. § 9795.1(b)(3).

On September 17, 2015, Appellant entered a guilty plea to single counts of failure to provide accurate registration information and failing to comply with registration requirements at CP-40-CR-0001537-2014, and two counts of failing to provide accurate registration information at CP-40-CR-0003790-2014. N.T. 9/17/15, 2-3, 8. With respect to the former case, Appellant failed to "provide accurate information and, in fact, provided false information when registering," and, in the latter case, he "failed to report that he owned a vehicle both on March 8th, 2013, and May 6th, 2013." ***Id.*** at 6-7. At a deferred sentencing hearing, the plea court imposed an aggregate term of eleven to twenty-two years' imprisonment.[3] N.T. 9/17/15, 8; N.T. 10/26/15,

---

[2] Both counts of indecent assault were violations of 18 Pa.C.S. § 3126(a)(7). ***See Commonwealth v. Haughwout***, 837 A.2d 480, 482 (Pa. Super. 2003).

[3] The individual terms of sentence included concurrent mandatory minimum prison terms of five to ten years and three to six years for failure to provide accurate registration information and failing to comply with registration requirements at CP-40-CR-0001537-2014, and consecutive prison terms of three to six years for the two counts of failing to provide accurate registration information at CP-40-CR-0003790-2014. N.T. 10/26/15, 12-14; Sentencing Order, 10/26/15, 1.

12-14; Sentencing Order, 10/26/15, 1. Appellant appealed. This Court vacated the judgments of sentence and remanded for resentencing. *Commonwealth v. Haughwout*, 161 A.3d 376 (Pa. Super. 2017) (table).

On remand, Appellant filed a motion to withdraw his guilty plea that the plea court denied. On October 6, 2017, the plea court resentenced Appellant to an aggregate term of ten to twenty years' imprisonment.[4] N.T. 10/6/17, 10-11. A subsequent appeal was dismissed due to Appellant's failure to file a docketing statement pursuant to Pa.R.A.P. 3517. PCRA Petition, 2/20/18, ¶¶ 6-7. After Appellant filed a PCRA petition, the lower court reinstated his direct appeal rights *nunc pro tunc*. Order, 2/20/18, 1. On direct review, Appellant argued that our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (2017) (plurality), rendered the Sexual Offender Registration and Notification Act ("SORNA I"), the former 42 Pa.C.S. §§ 9799.10-9799.41, unconstitutional in its entirety and that the prior law under which Appellant was deemed a lifetime registrant could not be revived.[5] *Commonwealth v.*

---

[4] The individual judgments of sentence included four to eight years' imprisonment for failing to provide accurate registration information to be followed by two to four years' imprisonment for failing to comply with registration requirements at CP-40-CR-0001537-2014, and consecutive prison terms of two to four years for the two counts of failing to provide accurate registration information at CP-40-CR-0003790-2014. N.T. 10/6/17, 10-11; Sentencing Order, 10/6/17, 1.

[5] In *Muniz*, the Supreme Court concluded that SORNA I's registration and notification requirements were punitive in effect and, therefore, the retroactive application of SORNA I's registration provisions to offenses committed prior to SORNA's effective date (December 20, 2012) violated the
*(Footnote Continued Next Page)*

*Haughwout*, 198 A.3d 403, 405 (Pa. Super. 2018).  On October 30, 2018, this Court affirmed the judgments of sentence.  *Id.*  On April 30, 2019, our Supreme Court denied *allocatur*.  **Commonwealth v. Haughwout**, 207 A.3d 905 (Pa. 2019) (table).

Appellant filed a timely *pro se* PCRA petition in which he asserted that his plea counsel had provided ineffective assistance by: (1) not interviewing witnesses; (2) not gathering "electronic evidence;" (3) not petitioning for relief based on **Muniz**; (4) inducing his plea by leading him to believe that he would be sentenced to a term of "5 to 10;" (5) refusing to request the withdrawal of his guilty plea "while at his formal arraignment;" and (6) "conspiring with law enforcement and … court officials to attempt to manufacture evidence … in the event [Appellant] would be granted his request to withdraw his plea of guilty prior to being resentenced."  PCRA Petition, 2/21/20, § 6(A).  He also asserted in the petition that direct appeal counsel provided ineffective assistance by: (1) "making multiple factual errors [about Appellant's] length of sentence, which version of Megan's Law [he] was sentenced under, and the dates of [his] predicate offense;" (2) failing to demonstrate that SORNA I "violated the ex post facto clauses of both the Pennsylvania and U.S. Constitutions and how [he] was disadvantaged by the retroactive application and enhanced reporting requirements of said act;" and (3) failing to challenge the legality of his sentence "for his predicate offense" which subjected him to lifetime

_____

*ex post facto* clauses in the United States and Pennsylvania Constitutions.  164 A.3d at 1193.

registration requirements as an SVP. *Id.* He lastly raised an *ex post facto* challenge to his sentences in the instant cases. *Id.* at § 15 ("whether (SORNA I) as applied to [Appellant] is an ex post facto violation under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017)[,] and its progeny").

The PCRA court appointed counsel. Order, 3/13/20, 1. On May 29, 2020, PCRA counsel filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along with a petition to withdraw as counsel.[6] After the Commonwealth filed a motion to dismiss, Appellant filed a *pro se* response to counsel's ***Finley*** letter in which he asserted, *inter alia*, that PCRA counsel provided ineffective assistance by failing to file a requested amended PCRA petition and abandoning Appellant by filing the ***Finley*** letter and the withdrawal motion. *Pro Se* Response to ***Finley*** Letter, 11/3/20, ¶ 6. In a supplemental *pro se* filing, Appellant argued that his convictions under § 4915.1 were illegal and could not be based on his indecent assault convictions which predated the effective date of SORNA I. *Pro Se* Motion for Relief Pursuant to Pa.R.Crim.P. 907(a), 1/19/21, 1-6.

On May 17, 2021, the PCRA court presided over a video-conference hearing during which Appellant restated his objections to counsel's ***Finley*** letter. N.T. 5/17/21, 3, 10-22. The court took the matter "under advisement" at the end of the hearing. *Id.* at 28; Order, 5/17/21, 1. While a decision

---

[6] Appellant claimed at a video-conference hearing on September 18, 2020, that he did not receive a copy of the ***Finley*** letter. N.T. 5/17/21, 6. The PCRA court ordered counsel to mail a new copy of the letter to Appellant and the court attached a copy of the letter to its order issued on that date. *Id.*

remained pending, Appellant filed a petition for leave to file an amended PCRA petition that the PCRA court denied because the new claim that Appellant wanted to raise in the proposed petition was based on a decision of the Pennsylvania Supreme Court that had been vacated in the meantime. *Pro Se Petition for Leave to Amend*, 10/22/21; *Order Regarding Petition to Amend*, 12/30/21, 1. On December 30, 2021, the PCRA court issued an opinion setting forth reasons for its intent to dismiss Appellant's petition and granted counsel's withdrawal motion. *Rule 907 Dismissal Notice*, 12/30/21, 1. Appellant untimely filed a *pro se* response restating his illegal sentence and ineffective assistance of counsel claims.[7] *Pro Se Response to Rule 907 Notice*, 2/3/22, 1-2; *Order* 12/30/21, 1 (permitting Appellant twenty days to file a response). On September 15, 2022, the PCRA court docketed an order dismissing Appellant's petition. *Order*, 9/15/22, 1-2. Appellant filed timely notices of appeal.[8] *Notices of Appeal*, 9/26/22, 1. We *sua sponte* consolidated the resulting appeals. *Order*, 10/12/22, 1.

_____

[7] Appellant also filed notices of appeals in each of the underlying cases on May 26, 2022. Appeals resulting from those notices, which were docketed at 800-801 MDA 2022, were quashed because the PCRA court's notice of its intent to dismiss Appellant's petition was not a final appealable order. **See** Appellate Dockets for 800-801 MDA 2022, Entries for 9/12/22.

[8] We note that each of Appellant's separate notices of appeal list the dockets numbers for both of his underlying criminal cases, but each has a different docket number highlighted. The notices comply with Pa.R.A.P. 341, which "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket." **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021); **see**
*(Footnote Continued Next Page)*

Appellant presents the following questions for our review:

1. In considering issues presented in the context of the PCRA, do the previous litigated requirements of 42 Pa.C.S. § 9543(a)(3) invalidate the provisions of 42 Pa.C.S. § 9542 which specifically provide for an action by which persons serving an illegal sentence may obtain collateral relief and the PCRA's time limits are satisfied?

2. In considering issues presented in the context of the PCRA, do the previous litigated requirements of 42 Pa.C.S. § 9543(a) apply t[o] the instant case where the Pennsylvania Supreme Court has since ruled contrary t[o] their decision in *Commonwealth v. Haughwout*, 198 A.3d 403,[ ]404 (Pa[.] Super[ 2018]), creating or clarifying a new substantive rule of law where the retroactive application of the Sex Offenders Registration and Notification Act (SORNA I) runs afoul of the Pennsylvania and U.S. Constitutional prohibitions against *ex post facto* [laws] which are not distinguished by the length of an offender[']s registration requirements?

3. Did [the] PCRA court err[ ] when it denied Appellant's PCRA [petition] given his sentence for violations of 18 Pa.C.S. §

_____

*also Commonwealth v. Johnson*, 236 A.3d 1141, 1145-48 (Pa. Super. 2020) (*en banc*) (finding a single defendant appealing from multiple dockets may include multiple docket numbers on each notice of appeal, but still must file separate notices of appeal for each docket).

Appellant's notices of appeal did not contain the date of the PCRA court's dismissal order; however, he attached a copy of the order dated September 15, 2022, to his docketing statement filed with this Court. Accordingly, we have considered the attachment as confirmation that this appeal is from the dismissal order and have amended our caption to reflect that.

While this appeal has been pending, we remanded for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record inquiry to determine whether a waiver of counsel is knowing, intelligent, and voluntary), at which the PCRA court permitted Appellant to proceed *pro se*. Order, 11/17/22, 1-2; Order, 12/2/22, 1; Order, 12/6/22, 1-2.

> 4915.1(a)(1) and (3) (SORNA I) are illegal pursuant to the Pennsylvania Supreme Court's decisions in ***Commonwealth v. Muniz***, [164 A.3d 1189 (Pa. 2017)], and [its p]rogeny?

4. Did [the] PCRA court commit a legal error when it denied Appellant's PCRA [petition] given Appellant could not lawfully be made subject to the requirements of [SORNA I] retroactively after the Supreme Court's earlier decision in ***Commonwealth v. Wilson***, [910 A.2d 10 (Pa. 2006)]?

5. Whether trial counsel … was in[eff]ective for recommending guilty pleas to 18 Pa.C.S.A. § 4915.1(a)(1) and (3) at both docket numbers which could not lawfully be applied to Appellant's Megan's Law convictions in light of our Supreme Court's decision in ***Commonwealth v. Wilson***, [910 A.2d 10 (Pa. 2006)]?

6. Did [the] PCRA court violate Appellant's Fourteenth Amendment right to due process and equal protection under the law when it denied his PCRA [petition] and relief requested when Appellant is serving an illegal sentence for [a] violation of a law that has been held to be an unconstitutional *ex post facto* law [under] U.S. Const. Art[.] I § 9 and P[a]. Const. Art[.] I § 17[?]

7. Was PCRA counsel ineffective when he failed to amend Appellant's PCRA [petition] and when he filed a ***Turner/Finley*** [no-merit] letter along with a motion to withdraw[ ]which the lower court granted on May 17, 2021?

Appellant's Brief at 2 (capitalization, emphasis, and case parenthetical omitted).

Our scope and standard of review of the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we

> may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (citation omitted). With respect to challenges to the legality of a sentence, we note those claims present pure questions of law and thus, for those claims, our scope of review is plenary, and our standard of review is *de novo*. *Commonwealth v. Petrick*, 217 A.3d 1217, 1224 (Pa. 2019).

Appellant contends that the retroactive application of SORNA I in his case where he had been sentenced to reporting requirements under Megan's Law II constituted a violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. He raises separate claims to that effect citing the Pennsylvania Supreme Court's decisions in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and *Commonwealth v. Wilson*, 910 A.2d 10 (Pa. 2006). Due to his perceived violation of his constitutional rights, Appellant asserts that his sentences for violating section 4915.1 are illegal and that his prior counsel were ineffective for advising him to enter the guilty pleas, not properly challenging the legality of his sentence, and not adopting his ineffective assistance of counsel and legality of sentence claims in an amended PCRA petition. Anticipating possible grounds for waiver, Appellant also argues that his prior litigation of an illegal sentence claim pursuant to *Muniz* on direct review should not preclude this Court from presently evaluating the legality of his sentence.

In his first issue presented, Appellant argues that his legality of sentence claim cannot be considered waived as previously litigated under 42 Pa.C.S. § 9543(a)(3) (addressing a PCRA petitioner's burden to plead and prove that his claims for collateral review have not been previously litigated or waived). Appellant's Brief at 5-6. He is not so much presenting a claim for relief as much as he is addressing the reviewability of his challenge to the legality of his sentence. Though Appellant has not cited any caselaw addressing the applicability of Section 9543(a)(3) in the context of our review of legality of sentence claims, we agree with Appellant that his legality of sentence claim cannot possibly be considered waived as previously litigated under the PCRA:

> [I]t is black-letter law that challenges to the legality of a judgment of sentence [cannot] be waived. ***Commonwealth v. Belak***, 573 Pa. 414, 852 A.2d 1252, 1257 (2003).
>
> …
>
> Legality-of-sentence claims are simply not subject to the waiver provision of the PCRA. Our Supreme Court has found that [42 Pa.C.S. §] 9544(b) was intended to apply only to those claims that are **required** to be preserved before trial, at trial, on appeal, or in a prior post-conviction proceeding. ***Commonwealth v. Brown***, 582 Pa. 461, 872 A.2d 1139, 1154 (2005). As the ***Brown*** court explained, "[i]f the nature of the claim involves a right so fundamental to a fair trial that it renders it non-waivable, then the claim is not required to be preserved and is not subject to the waiver provision of the PCRA." ***Id.*** As stated above, legality-of-sentence claims are non-waivable and thus **not** required to have been preserved at any prior stage of litigation in order to obtain review thereof.

- 11 -

***Commonwealth v. Jones***, 932 A.2d 179, 182-83 (Pa. Super. 2007) (emphasis in original; footnote omitted). Accordingly, we decline to accept the Commonwealth's assertion that Appellant waived his legality of sentence claim.[9] Appellee's Brief at 11-12; ***see Commonwealth v. Olson***, 179 A.3d 1134, 1137 (Pa. Super. 2018) ("As long as this Court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived."); ***Jones***, 932 A.2d at 183 ("waiver, for purposes of the PCRA, is equally inapplicable to legality-of-sentence claims a petitioner raises for the first time in post-conviction proceedings and those previously characterized as waived.").

In his second and third issues, Appellant asserts that the PCRA court erred by denying his illegal sentence claim as previously litigated and that his sentence is illegal based on the Pennsylvania Supreme Court's decision in ***Muniz*** and more recent decisions of this Court that addressed ***Muniz*** in ***Commonwealth v. Wood***, 208 A.3d 131 (Pa. Super. 2019) (*en banc*), and ***Commonwealth v. Lippincott***, 208 A.3d 143 (Pa. Super. 2019) (*en banc*). Appellant's Brief at 6-9. Given that our standard of review for a legality of sentence claim is *de novo*, we need not address the PCRA court's review of Appellant's claim and may address it on the merits in the first instance.

---

[9] Where a defendant raises challenges to the legality of his sentence on direct and collateral review, the collateral review claim may be summarily rejected as meritless for the reasons this Court addressed on direct review, absent changes in the law, however, it may not be brushed aside on the basis of waiver given our controlling precedent on the non-applicability of waiver to legality of sentence claims.

Appellant argues that his sentences for violating Section 4915.1 are illegal because the retroactive application of the SORNA I's reporting requirements to him constituted an *ex post facto* violation where he was originally subjected to lifetime reporting requirements under Megan's Law II and the application of SORNA I did not increase the length of his reporting requirements. *Id.*

When Appellant raised a claim based on *Muniz* on direct review, he argued that SORNA I was unconstitutional in its entirety and that Megan's Law II, which deemed him a lifetime registrant, could not be revived. *Haughwout*, 198 A.3d at 405. We denied his claim by distinguishing *Muniz* on the basis that the Pennsylvania Supreme Court held that SORNA I was unconstitutional *as applied* to Muniz because the retroactive application of SORNA I increased the time span of the registration requirement for Muniz whereas for Appellant, in the instant case, the enactment of SORNA I did not change the length of his reporting period. *Haughwout*, 198 A.3d at 405.

Appellant's attempt to raise a new *ex post facto*/legality of sentence claim based on *Muniz* on collateral review where he previously litigated a claim based on that case on an identical theory for relief on direct review would ordinarily fail under the "law of the case" doctrine and the coordinate jurisdiction rule. *See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) ("this Court has long recognized that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions."); *Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005) (*en banc*) (explaining the general rule that under the "law of the case"

doctrine, a court involved in later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in earlier phases of the matter). The departure from the general prohibition under each of those principles, however, is permissible in "exceptional circumstances such as where there has been an intervening change in the controlling law." **Starr**, 664 A.2d at 1332. Here, we appreciate that more recent caselaw from our Supreme Court contradicts our former reason for denying Appellant's earlier claim under **Muniz**. As the Supreme Court abrogated our prior theory for denying relief based on **Muniz**, we can revisit the legality of Appellant's sentence.

In **Commonwealth v. Santana**, 266 A.3d 528, 536 (Pa. 2021), our Supreme Court rejected the notion that the *ex post facto* analysis in **Muniz** was based on whether the retroactive application of SORNA resulted in an increased period of a registration requirement. It stressed that, upon reviewing an *ex post facto* claim based on **Muniz** concerning the application of SORNA I to a defendant who had moved to Pennsylvania after being subject to registration requirements in another state,

> [t]he question is not whether [the New York Sex Offender Registration Act, which originally subjected Santana to a lifetime registration requirement,] and SORNA impose the same or different registration periods. The analysis does not examine whether a new resident's crossing of Pennsylvania's borders actually increased the length of Santana's punishment. It does not even matter where Santana committed the triggering offense. For present purposes, what matters most is **when** that crime occurred.

- 14 -

*Id.* at 536 (emphasis in original). The ***Santana*** Court further clarified that its statement of *ex post facto* law in ***Muniz*** "was incomplete[,]" as "[t]he United States Constitution does not require a defendant to prove that he, in fact, was disadvantaged by the retroactively applied law." ***Id.***; ***see also California Dept. of Corrections v. Morales***, 514 U.S. 499, 506 n.3 (1995) ("[T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' … but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable."). The Court then distilled the *ex post facto* analysis to the following questions:

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive **or** increases the penalty for the existing crime.

***Santana***, 266 A.3d at 537 (emphasis added).

The ***Santana*** decision makes clear that this Court undertook the wrong analysis of Appellant's *ex post facto* claim based on ***Muniz*** on direct review. Accordingly, we must conduct the analysis set forth in ***Santana*** to address the central claim at the heart of Appellant's challenges to the legality of his sentence and the effectiveness of his prior counsel: that his convictions and sentences for failure to comply with his registration requirements cannot be sustained because they rest upon an unconstitutional retroactive application

of punitive notification and registration provisions of SORNA I in violation of the *ex post facto* clauses of the Pennsylvania and United States Constitutions.

As we noted above, *see supra* n.5, our Supreme Court declared SORNA I unconstitutional because it violated the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d 1189. The *Muniz* Court determined that SORNA I's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. *Id.* at 1218; *see also Santana*, 266 A.3d at 538 ("[The Pennsylvania Supreme Court ruled] in *Muniz* that [SORNA I's registration and notification requirements] are punitive in nature."); *Wood*, 208 A.3d at 135 ("The *Muniz* Court reasoned that despite the legislature's designation of SORNA[ I] as a civil remedy, it was punitive in nature[.]"). Therefore, a retroactive application of SORNA I to past sexual offenders violated the *ex post facto* clause of the United States Constitution. *Muniz*, 164 A.3d at 1218. SORNA I also violated the *ex post facto* clause of the Pennsylvania Constitution because it placed a unique burden on the right to reputation and undermined the finality of sentences by enacting increasingly severe registration laws. *Id.* at 1223.

Because Appellant committed his underlying offenses that gave rise to his registration requirements in 1996 and 2000, years before SORNA I became effective, SORNA I was clearly applied to him retroactively. *See Santana*, 266 A.3d at 536 (explaining that because Santana committed the triggering offense for registration requirements nearly thirty years before SORNA I's enactment, the statute was clearly retroactive when applied to him). In these

circumstances, Appellant's convictions for failing to properly register under SORNA I must be considered nullities and the sentences resulting from those convictions must be considered void. ***Cf. Commonwealth v. Derhammer***, 173 A.3d 723, 728 (Pa. 2017) ("It is undisputed that a conviction based on an unconstitutional statute is a nullity … [a] conviction under [an unconstitutional statute] is illegal and void, and cannot be a legal cause of imprisonment.") (citations omitted).

In light of our Supreme Court's decisions in ***Muniz*** and ***Santana***, we conclude that SORNA I was unconstitutionally applied to Appellant, that he could not have committed the crimes in violation of Section 4915.1 that criminalized his failure to properly register under SORNA I, and thus he is presently serving an illegal sentence. ***See Santana***, 266 A.3d at 536 n.49 (where Santana committed a rape in 1983 in New York giving rise to registration requirements and was later convicted of violating Section 4915.1(a)(3) for failing to comply with SORNA I's registration requirements after moving to Pennsylvania, it "logically followed" that SORNA I was unconstitutionally applied to Santana and he could not have committed a violation of 4915.1); ***Muniz***, 164 A.3d at 1193 n.3 (noting SORNA I became effective on December 20, 2012); ***Wood***, 208 A.3d at 137 ("for purposes of our *ex post facto* analysis, it is SORNA[ I]'s effective date, not its enactment date, which triggers its application"); ***see also Commonwealth v. Griffith***, 2020 WL 17335934, *6 (Pa. Super., filed Nov. 30, 2022) (reversing a Section 4915.1 conviction and vacating a judgment of sentence on PCRA appeal where

Griffith committed the underlying offense sexual offense in 2000 and was prosecuted for failing to register pursuant to SORNA I) (cited for its persuasive value under Pa.R.A.P. 126(b)); **Commonwealth v. Cruz**, 2022 WL 2287021, *11-12 (Pa. Super., filed June 24, 2022) (vacating registration requirements under SORNA I for Cruz who committed a rape, among other offenses, in 2011) (cited for its persuasive value under Pa.R.A.P. 126(b)); **Commonwealth v. Popejoy**, 2022 WL 1154699, *5 (Pa. Super., filed Apr. 19, 2022) (reversing Section 4915.1 convictions and vacating judgments of sentence on direct review where Popejoy committed his underlying sexual offense in 1992 and was prosecuted for failing to register pursuant to SORNA I) (cited for its persuasive value under Pa.R.A.P. 126(b)).

Our grant of relief on Appellant's illegal sentence claim pursuant to **Muniz** eliminates our need to review Appellant's remaining issues presented in this appeal.

Even though our result today vacates Appellant's sentences for failing to register under SORNA I and reverses his convictions for violating Section 4915.1, we note that Appellant remains subject to lifetime registration requirements. In response to **Muniz**, the Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent

offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. Appellant is therefore subject to the registration requirements under Subchapter I of SORNA II. *See* 42 Pa.C.S. 9799.15(b) (lifetime registration requirements for individuals with two or more convictions of offenses included in subsection (a) which include indecent assault convictions where the offense was graded as a misdemeanor of the first degree or higher and was committed on or after April 22, 1996, but before December 20, 2012). Because our Supreme Court has held that Subchapter I of SORNA II is not punitive, it may be retroactively applied to Appellant. *See Commonwealth v. Lacombe*, 234 A.3d 602, 626-27 (Pa. 2020) (holding that the registration requirements in Subchapter I of SORNA II are non-punitive and, thus, retroactive application of those requirements does not violate the constitutional proscription against *ex post facto* laws). In an abundance of caution, we remand for the lower court to provide proper notification of the applicable registration requirements under Subchapter I of SORNA II.

Order dismissing Appellant's PCRA petition vacated. Convictions for failing to register pursuant to SORNA I reversed. Judgments of sentence vacated. Remanded for further proceedings to ensure that Appellant is

properly notified of his present registration requirements pursuant to SORNA

II.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/28/2023